O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRENE MEOLA, | Case No. SACV 04-00960-MLG |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AWARDING ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST |
| JKJ INVESTMENTS INC., | |
| Defendant. | |

**I.   Procedural Background**

Plaintiff Irene Meola filed this action on August 9, 2004, against Defendant for violations of the Americans With Disabilities Act 42 U.S.C. §§ 12101 et seq., ("ADA") and California's Unruh Civil Rights Act, Cal. Civ.Code §§ 51 et seq., alleging that Defendant failed to provide accessible hotel rooms. On January 29, 2007, United States District Judge Alicemarie H. Stotler entered a default judgment against Defendant in the amount of $14,822.00, which included costs and attorney fees. (Docket No. 34.)

On October 27, 2010, a writ of execution was issued by Judge Stotler in favor of Plaintiff in the amount of $14,822.00. Plaintiff

then commenced a concerted effort to collect the judgment. Plaintiff attempted to serve a judgment debtor examination ("JDE") subpoena on Defendant's registered agent Kirit Bhakta. On November 2, 2011, counsel appeared for Defendant and informed the court that Kirit Bhakta had moved to Oklahoma and the subpoena had been served instead on Mr. Bhakta's father. The subpoena was quashed.

A JDE subpoena served on Kirit Bhakta in Oklahoma was quashed on February 1, 2011, because it was served outside of this Court's jurisdiction. However, a second JDE subpoena served upon Kamesh Nookala, the hotel manager, was deemed effective, and Mr. Nookala was ordered to show cause on March 29, 2011, why he should not be held in contempt for failing to appear for examination.

On March 29, 2011, Mr. Nookala did not appear. However, Defendant appeared through counsel and paid the judgment amount in full. On the same day, the parties consented to the undersigned magistrate judge conducting all further proceedings. Plaintiff now seeks a supplemental award of attorney's fees and costs for the efforts made to collect the judgment, as well as postjudgment interest. For the reasons discussed below, Plaintiff's motion is **GRANTED** in part.

**II. Discussion**

**A. Attorney's Fees and Costs**

Attorney Raymond G. Ballister, Jr. requests compensation at a rate of $425 per hour for 34.4 hours[1] for a total of $14,620.00 Plaintiff additionally seeks costs in the amount of $959.95. The

---

[1] The number of attorney hours actually requested is 33.1. However, adding up the total number of hours claimed equals 34.4 hours.

2

total amount of attorney's fees and costs sought is $15,579.95.

State law is applied to proceedings supplemental to and in aid of a judgment, unless there is an applicable federal statute. Fed.R.Civ.P. 69. No federal statute governing an award of attorney fees in the postjudgment setting has been brought to the Court's attention. California law provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. Recoverable costs may include attorneys' fees otherwise allowed by law. *Id.; Erickson v. Sympathy for the Record Industry ex Rel. Mermis*, 2011 WL 1211533 at *2 (N.D. Cal. 2011); *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007)(stating that recoverable costs may include attorney fees incurred in enforcing the judgment when the prevailing party was entitled to attorney's fees in the underlying action); *see also Berti v. Santa Barbara Beach Properties*, 145 Cal.App.4th 70, 77 (2007)

To determine reasonable attorney's fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. *Id.* Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. *Hensley*, 461 U.S. at 434. *Hensley* also identified twelve factors to

aid a court's decision when determining the appropriate fee award, which are largely undisputed here except for the attorney's hourly rates and hours expended.

Defendant makes a variety of arguments as to why Plaintiff is not entitled to attorney's fees. First, Defendant claims that the underlying action was meritless and fraudulent, and therefore, Plaintiff is not entitled to any attorney's fees or costs. This argument is rejected because Defendant cannot now relitigate the merits of the underlying default judgment in its opposition to this motion for attorney's fees and costs.

Defendant also contends that Mr. Ballister's hourly rate is not reasonable and is inconsistent with the current market rate. The Court finds that the hourly rate charged by Plaintiff's attorney is reasonable. As stated in his declaration, Mr. Ballister has been in practice for 27 years and has tried numerous cases. He has also focused exclusively on disability access cases for the past seven years. Ballister Decl. ¶ 13. Plaintiff also submitted the declaration of a fee expert and substantial market data confirming that the rates charged were appropriate. Rollins Decl., attached as Ex. 1 to Ballister Decl. Defendant, in contrast, has submitted no persuasive evidence as to the prevailing market rates. Rather, Defendant simply criticizes the Rollins Declaration because it was originally filed in another case. However, as Plaintiff points out, courts have accepted declarations from fee experts filed in other cases. *See, e.g., Salinas v. Rite Aid Lease Management Co.*, 2011 WL 1107213, *2 (C.D.Cal. 2011) (considering the Rollins Declaration at issue here as persuasive evidence of prevailing market rates despite its being originally filed in another case); *Blackwell v. Foley*, 724 F.Supp.2d

1068, 1078 (N.D.Cal. 2010). Indeed, in *Salinas,* the Court specifically found that a rate of $425 per hour for Mr. Ballister was reasonable in an identical ADA/Unruh case. 2011 WL 1107213 at *1. There is no reason to find otherwise here.

Defendant also objects to various individual billing entries and seeks a reduction in the attorney's fees in the amount of $6,800.00. Defendant argues that 3.5 hours charged on January 3, 2011 for online research and 4 hours for appearance and travel time at a debtor's examination on October 4, 2010 are not recoverable as costs under the California Civil Code. Def.'s Opp. to Pl.'s Motion for Supplemental Award of Attorney Fees and Costs at 3. Plaintiff argues that she is not seeking to recover the 7.5 hours as a "recoverable cost" under the California Civil Code, but rather as part of an attorney's fees award. Pl.'s Reply Brief at 4-5. Defendant also argues that the 4 hours charged for appearance at an Order to Show Cause hearing on November 2, 2010, and again on November 30, 2010, is excessive. Defendant similarly contends that the charge of 1.2 hours on November 20, 2010 for reviewing the Judgment Debtor's Declaration and response to the Court's Order to Show Cause is excessive. Plaintiff contends that Defendant has not adequately described why these hours are excessive.

The Ninth Circuit has established that travel time and clerical tasks are reasonably compensated at normal hourly rates if such is the custom in the relevant legal market. See *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). Reasonable travel time from San Diego, where Ballister practices, to Santa Ana for necessary hearings is recoverable. The Court finds however, that expenditures of time for the three court appearances are excessive.

5

All three court appearances shall be reduced by one hour as none of them required more than 30 minutes of time and 3½ hours for travel is excessive. In addition, Plaintiff seeks attorney fees for 10.1 hours for on line searches to "see which online travel sites took reservations for Judgment Debtor's Hotel" and for preparing motions for assignments of account receivables. None of those motions were ever submitted to this Court, nor is there any record of them being filed in another district court in the National Pacer Case Locator System. The time expended for that work shall be reduced by 5 hours. Otherwise, Plaintiff is entitled to the amount of attorney fees and costs requested.

**B.  Postjudgment Interest**

Postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. A "judgment" for purposes of § 1961 means a "final, appealable order." *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 990-991 (9th Cir. 2001). Postjudgment interest is calculated "from the date of the entry of judgment." 28 U.S.C. § 1961(a); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). Postjudgment interest "shall" be calculated from the date of judgment at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors to the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. The interest is computed daily from the date of judgment to the date of payment and compounded annually. 28 U.S.C. § 1961(b).

Defendant contends that Plaintiff is entitled to postjudgment interest only from the date the writ of execution was issued, which is October 27, 2010. Plaintiff counters that the interest runs from

the date of judgment, which is January 31, 2007. The Court agrees with Plaintiff. *See Dishman*, 269 F.3d at 990-991. Thus, Plaintiff is entitled to postjudgment interest running from the date of entry of judgment, January 31, 2007, up to March 29, 2011, at an interest rate of 5.26%. Therefore, the amount of postjudgment interest to which Plaintiff is entitled is $3,522.81.

## III. Conclusion

Plaintiff's motion is GRANTED. Defendant shall pay Plaintiff's reasonable attorney fees in the amount of $11,220.00 and post judgment interest in the amount of $3,522.81.

Dated: April 28, 2011

_____
Marc L. Goldman
United States Magistrate Judge